IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL DIXON,<br><br>    Plaintiff,<br><br>v.<br><br>CORRECTION CORPORATION OF AMERICA, INC.; IDAHO CORRECTIONAL CENTER, IDAHO DEPARTMENT OF CORRECTION; PHILIP VALDEZ, Warden of ICC; Sergeant / Counselor ACOSTA; Unit Manager DOSER; and Chief of Security WILKERSON,<br><br>    Defendants. | Case No.  CV 08-437-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Motion to Dismiss for failure to exhaust administrative remedies (Docket No. 17), and Defendant's Motion to Stay a scheduling order pending the outcome of the Motion to Dismiss (Docket No. 19). In his Opposition Response (Docket No. 21), Plaintiff asks the Court to stay Defendants' Motion to Dismiss pending the completion of requests for discovery pertinent to the Motion.  Plaintiff also requests that the Court issue a subpoena

Memorandum Decision & Order - 1

duces tecum for records (Docket No. 20).  The Court has reviewed the pleadings and now enters the following Order denying Plaintiff's request to stay, granting Defendants' Motion to Dismiss (Docket No. 17) without prejudice, which renders moot Defendants' Motion to Stay Scheduling Order (Docket No. 21) and Plaintiff's Request to issue a subpoena duces tecum (Docket No. 20).

## BACKGROUND

Plaintiff Daniel Dixon is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at the Idaho State Correctional Institution (ISCI).  From September 12, 2006 through December 20, 2007, Plaintiff was incarcerated at the Idaho Correctional Center (ICC), a facility operated by Defendant Correction Corporation of America, Inc.  According to Defendants, Plaintiff filed two grievances related to the allegations in this lawsuit, but failed to fully exhaust either grievance.  Defendants now move for the Court to dismiss Plaintiff's lawsuit for lack of exhaustion. *Memorandum in Support of Motion* (Docket No. 17-1) at 11.  Plaintiff argues that there are insufficient facts before the Court to support dismissal, because discovery is incomplete.  Plaintiff requests that the Court stay consideration of the Motion to Dismiss, pending completion of discovery.  *Plaintiff's Opposition* (Docket No. 21).

**Memorandum Decision & Order - 2**

## ANALYSIS

### A.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement.  42 U.S.C. § 1997e(a).  "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The *Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  *Id.* at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint.  *Woodford v. Ngo*, 548 U.S. at 103.  In *Woodford v. Ngo*, the prisoner had filed his

---

[1] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**Memorandum Decision & Order - 3**

grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id*. at 86-87. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him." *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 119 (9th Cir. 2002); *see also Jensen v. Knowles*, 621 F.Supp.2d 921 (E.D. Cal. 2008). Therefore, the Court will consider Defendants' Motion as a motion to dismiss, rather than a motion for summary judgment on the merits. In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). The proper remedy, where a prisoner has failed to exhaust non-judicial remedies, is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at 1120.

**B.     Grievance Process of the Idaho Department of Correction (IDOC)**

The IDOC's grievance process consists of three stages. *Affidavit of Chester Penn* (Docket No. 17-3) (*Penn Affidavit*) at ¶ 4. First, any inmate with a concern must fill out an Offender Concern Form, addressed to the staff person "most

**Memorandum Decision & Order - 4**

capable of responding to," and where appropriate, resolving, the inmate's issue. *Id.* at ¶ 7.  If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form.  *Id.* at ¶ 8.  Until November 28, 2007, the Grievance Form had to be submitted within 15 days of the incident giving rise to the grievance.  Since that date, the time for filing a Grievance Form has been increased to 30 days.  *Id.*

When submitting a Grievance Form, the inmate must include information regarding "the nature of the complaint, dates, places, and names."  *Id.* at ¶ 9.  Only one issue may be raised in each grievance.  *Id.*  If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision.  *Id.* at ¶ 10.  Previously, the inmate had to file such an appeal within 10 days of receiving the response to the grievance; currently, the grievance policy requires an appeal within 5 days of the inmate receiving the response to the grievance.  *Id.*  The Grievance Coordinator enters appeals into an electronic database and forwards them to the appellate authority – typically the head of the facility.  *Id.* at ¶ 11.  The grievance process is only exhausted upon completion of all three of these steps – Concern Form, Grievance Form, and Grievance Appeal.  *Id.* at ¶ 12.

If a prisoner is transferred to a different facility, any concerns regarding incidents at the prior facility must be addressed by that prior facility. *Affidavit of*

**Memorandum Decision & Order - 5**

*Katherine Livi* (Docket No. 25-1)(*Livi Affidavit*) at ¶ 8.  Records of concern or grievance forms filed with a prior facility are kept in a pending folder at the prisoner's current facility.  *Id.*

Between September 16, 2004 and November 28, 2007, the ICC grievance coordinator was not required to maintain a log of processed or "completed" grievances – i.e. those for which a reviewing authority has responded.  *Id.* at ¶¶ 5-6.  From November 28, 2007 to May 2, 2008, the ICC log of grievances did include those that were not processed or completed.  *Id.*

## C.  Exceptions to Exhaustion

The Ninth Circuit has not yet decided whether exceptions to the exhaustion requirement exist.  *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008).  However, other circuits have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits.  *See, e.g., Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); *Kaba v. Stepp*, 458

**Memorandum Decision & Order - 6**

F.3d 678, 684 (7th Cir. 2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) ("administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance"); *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (failure to respond to a grievance within the policy time limits renders remedy unavailable); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.1998) (when time limit for prison's response has expired, the remedies are exhausted); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials

**Memorandum Decision & Order - 7**

prevent a prisoner from utilizing is not an available remedy); *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). The Court agrees that, in certain circumstances, exceptions to exhaustion are appropriate.

In this case, Plaintiff argues that he should be excepted from exhausting the grievance process because of Defendants' misconduct – threatening retaliation if Plaintiff engaged in the grievance process, and losing or failing to respond to Plaintiff's grievance appeals. *Plaintiff's Opposition* (Docket No. 21-1) at 4-7. In order to fully respond to the Motion to Dismiss, Plaintiff argues that he needs Defendants' responses to discovery requests concerning the alleged misconduct.

**D.  Plaintiff's Request to Stay Motion and Conduct Discovery**

Plaintiff asks the Court to stay Defendants' Motion to Dismiss pending completion of discovery pertinent to the motion. In his Complaint (Docket No. 3), Plaintiff alleges that, after his arrival at ICC, he filed numerous concerns regarding fears for his safety at ICC. *Complaint* (Docket No. 3) at 4-9. Plaintiff describes an incident in December 2007 when he was assaulted by five other inmates at ICC,

**Memorandum Decision & Order - 8**

after which he was transferred to ISCI.  *Id.* at 9-11.  Plaintiff does not specifically allege that he filed a concern or grievance regarding the December 2007 assault.  Although Plaintiff argues that a reasonable trier of fact could find that Defendants ignored Plaintiff's attempts to appeal grievances, Plaintiff never directly asserts facts on which a fact-finder could base this conclusion.  Instead, Plaintiff implies that Defendants may have lost evidence of his attempts to appeal.  *Id.* at 12.  Plaintiff further contends that ICC staff refuse to address or reply to previously filed concern forms and grievances, because he is now at ISCI.  *Id.*

Interim Grievance Coordinator for ICC, Katherine Livi, reviewed the database for inmate concern and grievance forms and appeals filed by Plaintiff from September 12, 2006 through December 20, 2007.  *Livi Affidavit* (Docket No. 25-1) at ¶ 4.  Copies of Plaintiff's forms are attached to Defendants' Reply Brief.  *See* Docket No. 25-2.  According to Livi, Plaintiff never appealed the grievance denials regarding Plaintiff's March 21, 2007 and July 11, 2007 grievances.  *Id.* at ¶¶ 6-7.  Also, there are no records that Plaintiff initiated any grievance regarding his December 15, 2007 assault, or after being transferred from ISCI.  *Id.* at ¶ 9.  In her affidavit, Livi attests that, if Plaintiff had filed a concern or grievance form or grievance appeal after being transferred to ISCI, then ICC would have a record.  Livi also explains that, per grievance policy, ICC staff receive and address

**Memorandum Decision & Order - 9**

concerns or grievances by an inmate who has transferred to a different facility, regarding any incidents occurring while the inmate was at ICC.  *Livi Affidavit* (Docket No. 25-1) at ¶ 8; *see also Exhibit* (Docket No. 25-3) at **7.**

The Court may look beyond the pleadings to determine whether Plaintiff exhausted his administrative remedies.  *Wyatt*, 315 F.3d at 1119-20.  Defendants have produced documents demonstrating that Plaintiff did not complete the three-step grievance process for addressing his complaint now at issue.  Plaintiff argues that he is unable to adequately respond to Defendants' Motion without discovery from Defendants concerning claims that Defendants lost or ignored Plaintiff's grievances.  However, as noted by Defendants, Plaintiff's specified requests for discovery are answered by documents provided in Defendants' pleadings.  *See Exhibits to Livi Affidavit* (Docket Nos. 25-2, 25-3, 25-4).  As noted by Ms. Livi, all of ICC's grievance records related to Plaintiff were provided as Docket No. 25-2.  *Livi Affidavit* (Docket No. 25-1).  A copy of ICC's Offender Grievance Process was also provided.  Docket No. 25-3.

Alternatively, Plaintiff argues that threats of retaliation by prison staff rendered further remedies unavailable, therefore Defendants should be estopped from claiming non-exhaustion by Plaintiff.  *Plaintiff's Opposition* (Docket No. 21) at 7.  Defendants counter that, despite Plaintiff's allegations that prison staff

**Memorandum Decision & Order - 10**

subjected him to verbal obscenities and threats of retaliation in June 2009, Plaintiff continued to file concern and grievance forms in July, September, October, and August 2007.  Plaintiff's continued engagement in the grievance process shows that Plaintiff was not prevented from exhausting his administrative remedies based on prison staff's conduct toward him.

The Court finds that Defendants have met their burden of showing that Plaintiff has not exhausted administrative remedies, and that no exception to exhaustion applies here.  Accordingly, Plaintiff's request (Docket No. 21) to Stay Defendants' Motion to Dismiss is denied.  Defendants' Motion to Dismiss (Docket No. 17) is granted.  Plaintiff's request for subpoena duces tecum (Docket No. 20) and Defendants' Motion to Stay a Scheduling Order (Docket No. 19) are thus rendered moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's request (Docket No. 21) to stay consideration of the Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Docket No. 17) is GRANTED, and the matter is hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's request for subpoena duces

tecum (Docket No. 20) and Defendants' Motion to Stay (Docket No. 19) are deemed MOOT.



DATED: **April 8, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 12**